IN THE MATTER OF WILLIAM T. STRACHAN, BANKRUPT.

DISCHARGE OF BANKRUPT—ASSIGNEE'S NEGLECT NOT GROUND FORWITHHOLD-ING.—The neglect of an assignee in bankruptcy to publish notice of his appointment as required by section 14 of the bankrupt act, is no ground for withholding the discharge of the bankrupt, the assignee not being under his control.

PETITION for a discharge in bankruptcy. The facts appear sufficiently from the opinion.

*Tompkins*, for the petitioner.

*Hilgert, contra.*

By Court, JOHNSON, J., PALEN, C. J., concurring:

Franz and Charles Hunning are the only creditors who appear and oppose discharge of petitioner, specifying that their opposition is on account of: 1. That notice of appointment of assignee was not published; 2. That the petitioner fraudulently and willfully preferred one of his creditors.

The first specification does not show any valid cause for withholding petitioner's discharge. Section 14 of the bankrupt act, requires the assignee to publish notice of his appointment, but the act does not make such publication one of the conditions on which the discharge shall be granted. The act requires certain things to be done by the bankrupt; petitioning to be declared a bankrupt, making a schedule of what he owes and what is owing to him, and of all his personal and real estate; and thereupon his control of his assets ceases and becomes vested by law in the register in bankruptcy, and they are by him transferred to

assignee or assignees, in the election of whom the bankrupt has no voice, and over whose acts in the premises the law assumes entire and exclusive control. Hence, the proposition in the argument against the discharge of the petitioner, that "it was his duty to see that the assignee published notice, and to complain of him to the court in case of his neglecting to do so," seems very illogical, and if affirmed by the court would throw responsibilities and burdens upon the person who has delivered up all he was worth in payment of his debts, which should in every respect pertain to those having the legal interest in the distribution of the assets of the bankrupt.

Evidence sustaining the second specification has not been presented to the court; the transcript offered not being perfect, is inadmissible as evidence.

And now this petitioner having done and performed all matters and things required by law, and obeyed the orders of this court in the premises, his final discharge as prayed for must be granted.